Our File No 202149

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAVEED AHMED,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT ALSTON, TRANSPORT CORPORATION OF AMERICA, INC., JOHN DOE, JOHN DOE, INC., JOHN A. DOE, INC.<br><br>    Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

Defendant, Transport Corporation of America, Inc., by and through their attorneys, Salmon Ricchezza Singer & Turchi, LLP, respectfully aver as follows:

1. At all material times, Plaintiff, Naveed Ahmed, is a citizen of the State of Virginia, residing at 213 Meadows Lane NE, Leesburg, VA 20176. (See Plaintiff's Complaint, attached as Exhibit A).

2. At all material times, Defendant, Robert Alston, was and is a citizen of the State of Georgia, residing at 3433 Nina Ct., Douglasville, Georgia 30135.

3. At all material times, Defendant, Transport Corporation of America, Inc., is a corporation organized under the laws of Minnesota with its principal place of business at 1715 Yankee Doodle Road, Eagan, Minnesota 55121.

{J0645082.DOCX}

4. Plaintiff commenced a civil action against defendants in the Superior Court of New Jersey, Middlesex County, on or about January 15, 2021 (See Exhibit "A.")

5. Upon information and belief, defendant, Transport Corporation of America, Inc., has not been served with a copy of the Complaint. However, defendant, Transport Corporation of America, Inc., as authorized counsel herein to accept service as of this date, February 1, 2021.

6. Upon information and belief, defendant, Robert Alston, has not been served with a copy of the Complaint. However, through counsel herein, defendant Robert Alston, consents to removal pursuant to 28 U.S.C. § 1446.

7. If a case stated by the initial pleading is removeable, the defendants must file a removal petition within 30 days of its receipt through service or otherwise of said initial pleading. 28 U.S.C. § 1446(b)(1.) Accordingly, this petition for removal is timely filed.

8. Plaintiff's Complaint alleges injuries from a motor vehicle accident. (See Exhibit "A.")

9. Although Plaintiff's Complaint does not seek a specific amount of damages in its *ad damnum* clause, the Complaint alleges that he was:

> severely and permanently injured, suffered, still suffers and will, in the future, suffer great pain and anguish, was confined for a period of time and will so be confined in the future, became, still is and will, in the future, be incapacitated from continuing his usual course of conduct and/or employment, was obliged to incur large expenses in the care and treatment of the aforesaid injuries and was otherwise injured, damaged and restricted in his bodily movements. (See Exhibit "A" at First Count, para. 6.)

10. Further, on or about June 30, 2020, plaintiff's counsel sent defense counsel pre-suit medical records which confirms Mr. Ahmad underwent cervical fusion and discectomy at C5-C6 and C6-C7. (Exhibit "B.")

{J0645082.DOCX}

11. Lastly, pre-suit, counsel made a demand of Defendant's insurance policy limits knowing that defendant, Transport Corporation of America, Inc., is a motor carrier and required to maintain at least $750,000 of insurance coverage per the Federal Motor Carrier Safety Regulations. (See Exhibit "C")

12. Accordingly, Plaintiff's Complaint and pre-suit correspondence allege damages, by a preponderance of competent admissible evidence, exceeds the federal jurisdictional threshold of $75,000.

13. Diversity of citizenship within the meaning of 28 U.S.C. § 1332 exists between the Plaintiff and Defendants because:

    (a) Plaintiff is and was a citizen of the State of Virginia;

    (b) At all material times, Defendant, Robert Alston, was and is a citizen of the State of Georgia;

    (c) At all material times, Defendant, Transport Corporation of America, Inc., was and is a citizen of Minnesota.

16. Diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that Defendants are entitled to removal pursuant to 28 U.S.C. §1441 as amended, and 28 U.S.C. §1446.

WHEREFORE, Defendant, Transport Corporation of America, Inc., herein prays that the above captioned action now pending in the Superior Court of New Jersey, Middlesex County, be removed therefrom to this Honorable Court.

Date:  2/3/2021

        SALMON RICCHEZZA SINGER & TURCHI, LLP

        */s/ Jeffrey A. Segal*
        Jeffrey A. Segal, Esquire
        123 Egg Harbor Road
        Suite 406
        Sewell, NJ 08080
        (856) 842-0780
        Attorneys for Defendant,
        Transport Corporation of America, Inc.

{J0645082.DOCX}