# EXHIBIT A

**BROWN, NOVICK & McKINLEY**
Attorneys at Law
By: Milton W. Brown, Esq.
Attorney ID No: 019891990
38 North Broad Street
Woodbury, NJ 08096
(856) 845-7898
Attorney for Plaintiff

| | |
|---|---|
| NAVEED AHMAD,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT ALSTON, TRANSPORT CORPORATION OF AMERICA, INC., JOHN DOE, JOHN DOE, INC., JOHN A. DOE, INC.<br><br>Defendants, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO.:<br><br>Civil Action<br><br>COMPLAINT AND JURY DEMAND |

The Plaintiff, NAVEED AHMAD, currently residing at 213 Meadows Lane NE, Leesburg, Virginia, by way of Complaint against the above named parties, says:

### FIRST COUNT

1. On or about the 8th day of May, 2019, the Plaintiff, NAVEED AHMAD, was the operator of a motor vehicle/truck which was stopped in a Wawa parking lot on Rt. 535 in South Brunswick, New Jersey.

2. At the aforementioned time and place, the Defendant, ROBERT ALSTON, was the operator of a motor vehicle/truck owned by Defendant, TRANSPORT CORPORATION OF AMERICA, INC., which was traveling in the area of the Plaintiff's truck at the aforementioned time and place.

3. JOHN DOE and/or JOHN DOE, INC., are fictitious names for an individual, either male or female, or a business entity, who were negligent in the operation and/or ownership of a motor vehicle at the aforesaid time and place.

4. At said time and place, the Defendants, ROBERT ALSTON, TRANSPORT CORPORATION OF AMERICA, INC., JOHN DOE and/or JOHN DOE, INC. operated their automobiles/trucks in such a careless and negligent fashion as to cause a collision.

5. The Defendants hit and ran, leaving the scene of the accident and lied about being in an accident to the police. The Defendants left the scene of the accident, without stopping, which is a violation of New Jersey laws.

6. By reason of the aforesaid, the Plaintiff, NAVEED AHMAD, was severely and permanently injured, suffered, still suffers and will, in the future, suffer great pain and anguish, was confined for a period of time and will so be confined in the future, became, still is and will, in the future, be incapacitated from continuing his usual course of conduct and/or employment, was obliged to incur large expenses in the care and treatment of the aforesaid injuries and was otherwise injured, damaged and restricted in his bodily movements.

7. Additionally, the actions of Defendants, ROBERT ALSTON, TRANSPORT CORPORATION OF AMERICA, INC., JOHN DOE and/or JOHN DOE, INC. in the operation of a motor vehicle and in fleeing the scene and then denying involvement under oath were willful, wanton, grossly reckless, and with malicious disregard for the bodily integrity of the Plaintiff, NAVEED AHMAD, who was foreseeably harmed by the Defendant, ROBERT ALSTON, TRANSPORT CORPORATION OF AMERICA, INC., JOHN DOE and/or JOHN DOE, INC.

WHEREFORE, the Plaintiff, NAVEED AHMAD, demands judgment against the Defendants, ROBERT ALSTON, TRANSPORT CORPORATION OF AMERICA, INC., JOHN DOE and/or JOHN DOE, INC. jointly, severally and/or in the alternative for such sums as will

reasonably compensate the Plaintiff for his damages including punitive damages, according to the laws of New Jersey, plus costs of suit, and for whatever other relief the Court deems equitable and just.

## SECOND COUNT

The Plaintiff, NAVEED AHMAD, hereby repeats each and every allegation of the First Count and makes same a part hereof as though set forth at length herein.

8. TRANSPORT CORPORATION OF AMERICA, INC. is an individual or business entity who was the agency and/or employer of the Defendant, ROBERT ALSTON.

9. At the aforesaid time, the Defendant, ROBERT ALSTON, was the agent, servant and/or employee of the Defendant, TRANSPORT CORPORATION OF AMERICA, INC., and/or JOHN A. DOE, INC., and operated said vehicle in the scope of that employment.

10. The Defendants, TRANSPORT CORPORATION OF AMERICA, INC. and/or JOHN A. DOE, INC., are responsible to the Plaintiff, NAVEED AHMAD, for the acts of the Defendant, ROBERT ALSTON, through the doctrine of respondeat superior.

WHEREFORE, the Plaintiff, NAVEED AHMAD, demands judgment against the Defendants, ROBERT ALSTON, TRANSPORT CORPORATION OF AMERICA, INC., JOHN DOE, JOHN DOE, INC. and/or JOHN A. DOE, INC., jointly, severally and/or in the alternative for such sums as will reasonably compensate the Plaintiff for his damages according to the laws of New Jersey, including punitive damages, plus costs of suit, and for whatever other relief the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that the Plaintiff hereby demands a trial by jury as to all issues contained herein.

BROWN, NOVICK & McKINLEY

Dated: 1-15-21

By: *Milton W. Brown*
    Milton W. Brown, Esq.
    Attorney for Plaintiff

## CERTIFICATION PURSUANT TO R. 4:5-1

This is to certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. Further, at this time, there are no known other parties who should be joined in this action.

BROWN, NOVICK & McKINLEY

Dated: 1-15-21

By: *Milton W. Brown*
    Milton W. Brown, Esq.
    Attorney for Plaintiff

# EXHIBIT B

# BROWN, NOVICK & McKINLEY

Attorneys at Law
38 North Broad Street
Woodbury, New Jersey 08096
www.sjinjurylaw.com

\* *Milton W. Brown, Esquire* (mbrown@sjinjurylaw.com)
◊ *Michael T. Novick, Esquire* (mnovick@sjinjurylaw.com)
*Scott C. McKinley, Esquire* (smckinley@sjinjurylaw.com)

◊ Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

June 30, 2020

**VIA E-MAIL: jsegal@srstlaw.com**
Jeffrey Segal, Esquire
Salmon, Ricchezza, Singer & Turchi, LLP
123 Egg Harbor Road, Suite 406
Sewell, New Jersey 08080

      RE:    Naveed Ahmad
              D/A: 5/8/09
              Your File No.: 202149

Dear Mr. Segal:

      Pursuant to your recent requests, enclosed please find all medicals in my file including Dr. Shasti's complete records dated March 3, 2020 to June 8, 2020.

      This is a significant case as you can see from the May 27, 2020 surgical report. The operative procedure performed was an anterior cervical fusion, C5-6, C6-7; anterior cervical discectomy, C5-6, C6-7, anterior cervical interbody cage placement, C5-6, C6-7; anterior cervical plate, C5-6, C6-7; intraoperative spinal cord/neuromontoring to MEPs, SSEPs, EMGs; local autograft from removed osteophytes; allograft, Matrix Bone Fibercel 2cc. Photographs of the surgical scarring are also enclosed.

      I cannot send you a demand since my client is still in post-operative treatment and I do not know the extent of economic damages.

                                                    Very truly yours,

                                                      Michael Novick, Esquire

MTN/smg (susang@sjinjurylaw.com)
Enclosures

In the interests of public health, and in adherence to the medical community's recommendations, our office will operate with only critical staff on-site. The majority of our legal assistants and attorneys are working remotely. Please send all correspondence, pleadings, discovery and any other communication via email only. If you send communications via mail or fax they may not be received and processed.

\*Member of the New Jersey and
Pennsylvania Bar

Phone: (856) 845-7898
FAX: (856) 845-8443

# EXHIBIT C

## Christopher J. Kelleher

| | |
|---|---|
| **From:** | Michael Novick <mnovick@sjinjurylaw.com> |
| **Sent:** | Tuesday, December 1, 2020 12:01 PM |
| **To:** | Christopher J. Kelleher |
| **Cc:** | Jeffrey Segal |
| **Subject:** | RE: Naveed Ahmed v. Transport America, Inc. and Robert Anthony Alston Our File No. 202149 |

Chris, the client is done treating. It was recommended that he have shoulder surgery and he declined as he does not want another surgery.

I am gathering the medicals and will forward them to you once I have them. The wage loss and business losses are significant as he was never able to resume driving a truck following his neck surgery.

Our settlement demand is for your policy limits.

Regards, Mike


**From:** Christopher J. Kelleher <ckelleher@srstlaw.com>
**Sent:** Sunday, November 29, 2020 6:56 PM
**To:** Michael Novick <mnovick@sjinjurylaw.com>
**Cc:** Jeffrey Segal <JSegal@srstlaw.com>
**Subject:** RE: Naveed Ahmed v. Transport America, Inc. and Robert Anthony Alston Our File No. 202149

Hello Michael,

I am just following-up to see if plaintiff is still treating, and/or if you have a pre-suit settlement demand in this case.

Thanks,
Chris

**From:** Christopher J. Kelleher
**Sent:** Saturday, October 10, 2020 6:13 PM
**To:** mnovick@sjinjurylaw.com
**Cc:** Jeffrey Segal <JSegal@srstlaw.com>
**Subject:** Naveed Ahmed v. Transport America, Inc. and Robert Anthony Alston Our File No. 202149

Hello Michael,

We hereby follow up as to whether you are ready to provide a pre-suit settlement demand.

Thanks,

Jeff/Chris